UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHANNON SPENCER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>TOTAL RENAL CARE, INC., a foreign profit corporation doing business as DAVITA; and DOES 1-20, as yet unknown Washington entities,<br><br>    Defendant. | Case No.<br><br>**DEFENDANT TOTAL RENAL CARE, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>28 U.S.C. §§ 1332, 1441, 1446 |

**TO:**         **Clerk of the Court;**

**AND TO:**     **Shannon Spencer, Plaintiff;**

**AND TO:**     **Timothy W. Emery, Patrick B. Reddy, Paul Cipriani, Emery Reddy, PLLC, Plaintiff's attorneys of record:**

NOTICE IS HEREBY GIVEN that Defendant Total Renal Care, Inc. hereby removes the above-entitled action from the Superior Court of the State of Washington in and for the County of King to the United States District Court for the Western District of Washington at Seattle. This removal is based upon complete diversity of citizenship of the parties, *see* 28 U.S.C. §§ 1332(a) and 1441, or alternatively under the Class Action Fairness Act ("CAFA"), *see* 28 U.S.C. §§ 1332(d) and 1441, and is timely under 28 U.S.C. § 1446.

In support of its Notice of Removal, Defendant Total Renal Care, Inc. asserts the following:

NOTICE OF REMOVAL - 1

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

**PLEADINGS**

1. On July 26, 2024, Plaintiff Shannon Spencer ("Plaintiff") initiated a civil action in King County Superior Court by filing a copy of the Summons and Complaint with that Court. The Complaint sets forth one cause of action against Defendant, premised on Defendant's alleged use of job postings that do not include the wage scales or salary ranges to be offered to hired applicants. The Complaint is styled as a class action and asserts allegations on behalf of a putative class under Washington Civil Rule 23. A true and correct copy of the Complaint ("Complaint") is attached as **Exhibit ("Ex.") 1**. A true and correct copy of the Summons is attached as **Ex. 2**. A true and correct copy of the Case Information Cover Sheet and Area Designation is attached as **Ex. 3**.

2. On July 26, 2024, the King County Superior Court issued an Order Setting Civil Case Schedule. A true and correct copy of the same is attached as **Ex. 4**.

3. On July 29, 2024, Plaintiff's counsel caused the Summons, Complaint, Case Information Cover Sheet, and Order Setting Civil Case Schedule to be served upon Defendant's registered agent. A true and correct copies of the Declaration of Service is attached as **Ex. 5**.

4. Defendant appeared through its counsel in the action in King County Superior Court on August 19, 2024. A true and correct copy of Defense Counsel's Notice of Appearance is attached as **Ex. 6**.

5. By signing this Notice of Removal, counsel for Defendant verifies that the above-described items attached hereto are true and complete copies of the records and proceedings that Defendant has received in the state court proceeding.

6. Total Renal Care, Inc. is the named Defendant, is represented by the undersigned counsel, and consents to removal.

**TIMELINESS OF REMOVAL**

7. The Notice of Removal is timely when it is made within 30 days of receipt of a copy of the pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b).

NOTICE OF REMOVAL - 2

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

8. As stated in the prior section, on July 29, 2024, Plaintiff's counsel delivered the Summons and Complaint to Defendant's registered agent to effect service in this action. Accordingly, this Notice of Removal has been filed within 30 days of commencement of the action in state court as required by 28 U.S.C. §1446(b) and is therefore timely. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

**DIVERSITY OF CITIZENSHIP**

9. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a), and this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a). Removal of this action is appropriate based on diversity of citizenship because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *Id.* § 1332(a)(1). As set forth below, this case meets all of the requirements for removal and is properly removed by the filing of this Notice.

10. Citizenship of Plaintiff. For diversity purposes, an individual is a "citizen" of the State in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is their permanent home, where that person resides with the intention to remain or to which that person intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges that at all relevant times to the allegations set forth in the Complaint, he was a resident of Skagit County, Washington. Complaint at ¶ 15. Plaintiff also alleges that he applied to work for Defendant in King County, Washington. *Id.* Plaintiff's own representations establish his domicile in Washington State. Plaintiff is therefore a citizen of the State of Washington.

11. Citizenship of Defendant. At the time this action was commenced, and at the time of removal, Defendant was not, and is not, a citizen of Washington.[1]

12. For purposes of diversity, a corporation is a citizen of the state in which it is incorporated and the state in which its principal place of business is located. *Johnson v. Columbia*

---

[1] Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of "Does 1-20" can be disregarded.

NOTICE OF REMOVAL - 3

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

*Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation's "principal place of business" "refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). A corporation may only have a singular "principal place of business," *id*. at 93, which is the corporation's "nerve center." *Id*. at 81. "[I]n practice [this] should normally be the place where the corporation maintains its headquarters." *Id*. at 93.

13. Total Renal Care, Inc. is incorporated in California, and maintains its corporate headquarters and principal place of business in Denver, Colorado.

14. Accordingly, for purposes of diversity of citizenship, Defendant is a citizen of California and Colorado, not a citizen of Washington. *Johnson*, 437 F.3d at 899.

15. Consequently, there is complete diversity of citizenship between Plaintiff and Defendant. *See* 28 U.S.C. § 1332(a)(1).

16. <u>Amount in Controversy</u>. For purposes of removal, the amount in controversy exceeds $75,000, as set forth below.

**CAFA JURISDICTION**

17. Alternatively, this Court has jurisdiction over this action pursuant to CAFA, which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state rule; (b) in which the putative class contains one hundred or more members; (c) in which any member of a putative class of plaintiffs is a citizen of a state different from any defendant, with certain limitations that apply where one or more defendants is a citizen of the state in which the action was filed; and (d) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §1332(d). CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446. As set forth below, this case meets all of CAFA's requirements for removal and is properly removed by the filing of this Notice.

NOTICE OF REMOVAL - 4

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

18. <u>Class Action Filed under State Law</u>. Plaintiff initiated a civil action in King County Superior Court asserting class action allegations under Washington Civil Rule 23. *See* Complaint at ¶¶ 40–54.

19. <u>Putative Class Size</u>. 28 U.S.C. § 1332(d)(5)(B) states that the provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." In his Complaint, Plaintiff defines the class as follows: "All individuals who, from January 1, 2023, through the date notice is provided to the Class, applied for a job opening in the State of Washington with Total Renal Care, Inc., where the job posting did not disclose a wage scale or salary range." Complaint at ¶ 40. By Plaintiff's own estimation, "[t]here are potentially dozens of Class Members who applied for jobs with Defendant within the time period relevant to this matter." Complaint at ¶ 42. There were at least 100 individuals who submitted job applications to Total Renal Care, Inc. in Washington State during the relevant time period. Declaration of Carey Howard ("**Howard Decl.**") at ¶ 3. Thus, the alleged class exceeds 100 individuals as required by CAFA. 28 U.S.C. § 1332(d)(5)(B).

20. <u>Minimum Diversity</u>. CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b). Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states. Defendant is a citizen of California and Colorado. *See* Paragraphs 11–14, *supra*. Plaintiff Shannon Spencer is a citizen of Washington. *See* Paragraph 10, *supra*.

21. <u>Diversity Exclusions</u>. There are certain situations where a district court is permitted or required to decline to exercise jurisdiction under CAFA. In all such situations enumerated in the statute, one or more of the defendants are citizens of the state in which the action was originally filed. 28 U.S.C. §§ 1332(d)(3), 1332(d)(4)(A)(i)(II)(cc), 1332(d)(4)(B). As discussed above, Defendant in this action is not a citizen of Washington. *See* Paragraphs 11–14, *supra*.

NOTICE OF REMOVAL - 5

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

22.     <u>Governmental Exclusion</u>. Under 28 U.S.C. § 1332(d)(5)(A), CAFA does not apply to class actions where "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." As discussed above, Defendant is a company, not a state, state official, or other governmental entity exempt from CAFA.

23.     <u>Amount in Controversy</u>. For purposes of removal, the amount in controversy exceeds $5,000,000, as set forth below.

## AMOUNT IN CONTROVERSY

24.     The "plaintiff's complaint" is a court's "first source of reference in determining the amount in controversy." *LaCross v. Knight Transp., Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). While Plaintiff has alleged that "the amount in controversy does not exceed the sum or value of $5,000,000," *see* Complaint at ¶ 14, the U.S. Supreme Court and the Ninth Circuit have held that such a "waiver" of putative absent class members' potential claims is "ineffective." *Rodriguez v. AT & T Mobility Services LLC*, 728 F.3d 975, 976 (9th Cir. 2013) (citing *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013)). A defendant seeking removal of a putative class action must demonstrate, by a preponderance of the evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum, which is the same standard as when the plaintiff does not plead any amount in controversy. *Rodriguez*, 728 F.3d at 981. The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a court or jury might later determine to be the actual amount of damages, if any. *Lewis v. Verizon Commcns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.") (citation omitted); *see also Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018) (the amount in controversy for purposes of general diversity removal "encompasses all relief a court may grant on that complaint if the plaintiff is victorious").

25.     <u>Plaintiff's Class Definition</u>. Plaintiff seeks damages on behalf of a putative class of individuals who "applied for a job opening in the State of Washington with Total Renal Care, Inc.,

NOTICE OF REMOVAL - 6

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1 where the job posting did not disclose a wage scale or salary range." Complaint at ¶ 40. Plaintiff also alleges that Defendant's alleged conduct was a "systemic" failure. *See id.* at ¶ 38. Thus, through his allegations, Plaintiff has placed all of Defendant's job postings in Washington at issue. While Plaintiff describes the putative class as all applicants who applied for a job "where the job posting did not disclose a wage scale or salary range," *id.*, a defendant is not required to "concede liability for the entire amount." *Lewis*, 627 F.3d at 400. Indeed, Defendant disputes that class certification is appropriate for any group and disputes that Plaintiff and putative class members are entitled to any damages. For purposes of establishing the amount in controversy for removal, however, Total Renal Care, Inc. may rely on the broader putative class definition of all individuals who applied for a job opening in Washington State. Whether the job postings they applied to disclosed the wage scale or salary range is irrelevant for this determination. *See Lewis*, 627 F.3d at 399–400 (holding that the defendant's evidence of the total billings, without distinguishing between "authorized" and "unauthorized" charges, was sufficient for removal even where the plaintiff sought to represent a more limited putative class of individuals who were billed for "unauthorized" charges); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922–23, 927 (9th Cir. 2019) (relying on defendant's data about all non-exempt employees despite complaint's limiting of putative class to those "who were subjected to individual wage and hour violations," and vacating district court's remand to state court); *see also, e.g., Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1202, 1206 (E.D. Cal. 2008) (denying remand under CAFA because complaint alleged that defendant was liable for up to $1,000 per violation and Defendant proffered evidence that it had processed more than 5,000 total credit card transactions, even though the putative class was defined more narrowly to include only persons whose personal information had been recorded or who used a particular type of credit card transaction form).

26. <u>Relief Sought by Plaintiff</u>. Plaintiff alleges that he was qualified to perform the position to which he applied and he expected he would learn the rate of pay in working through the application. Complaint at ¶¶ 26–31. Plaintiff further alleges that, because the salary was not

NOTICE OF REMOVAL - 7

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

disclosed to him, he was unable to evaluate or negotiate pay for the position, which impacts his current and lifetime wages, and he lost valuable time during the application process. Complaint at ¶¶ 33–36. Plaintiff's Complaint seeks statutory damages equal to five thousand dollars for Plaintiff's and the putative class members. Complaint at ¶ 53. Plaintiff also seeks costs and reasonable attorneys' fees, pursuant to RCW 49.58.070 and RCW 49.58.110, and pre- and post-judgment interest. Complaint at ¶¶ 57, 59.

27.  <u>Statutory Damages</u>. For purposes of removal, Total Renal Care, Inc. has submitted evidence that more than 2,000 individuals applied for a job opening in the State of Washington from January 1, 2023 to August 23, 2024. Howard Decl. at ¶ 3. Based on Plaintiff's Complaint seeking at least five thousand dollars for Plaintiff and each putative class member, the potential statutory damages alone exceed the amount in controversy requirement under CAFA (2,000 multiplied by $5,000 is equal to **$10,000,000**).

28.  <u>Attorneys' Fees</u>. It is well-settled that for purposes of the amount in controversy requirement, "where an underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in controversy." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007). Further, a reasonable estimate of future attorneys' fees should be included in the amount in controversy analysis. *See e.g., Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794–95 (9th Cir. 2018) (if a plaintiff would be entitled under a contract or statute to future attorneys' fees, such fees are at stake in the litigation and should be included in the amount in controversy, and district courts may estimate such fees based on their own knowledge and experience); *Arias*, 936 F.3d at 927–28 (reaffirming *Fritsch*). Courts have recognized that even in single-plaintiff employment lawsuits, 100 hours is "an appropriate and conservative estimate" of the number of attorney hours expended through trial. *Adkins v. J.B. Hunt Transport, Inc.*, 293 F. Supp. 3d 1140, 1148 (E.D. Cal. 2018) (quotations and citation omitted). Plaintiff's attorney has recently submitted a declaration stating his hourly rate of $725 per hour. Declaration of Breanne Martell, Ex. 1. Therefore, the attorneys' fees at issue are at least **$72,500** (100 hours multiplied by $725 per hour).

NOTICE OF REMOVAL - 8

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

29. Furthermore, in class cases, courts in the Ninth Circuit may employ a 25% "benchmark" in calculating awardable fees. *See Copple v. Arthur J. Gallegher & Co.*, No. C22-0116-LK-SKV, 2022 WL 3357865, at *5, 7 (W.D. Wash. Aug. 2, 2022)*, adopted by* 2022 WL 4448546 (W.D. Wash. Sept. 23, 2022) (denying remand as CAFA jurisdiction established and applying 25% benchmark to damages estimate yielding approximately $1 million in estimated fees) (citing *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003) ("'This circuit has established 25% of the common fund as a benchmark award for attorney fees.'")); *Levy v. Salcor, Inc.*, No. C14-5022 BHS, 2014 WL 775443, at *5 (W.D. Wash. Feb. 25, 2014) (applying 25% benchmark to damages estimate yielding $1,125,000 estimated in fees) (citing *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989)); *Garnett v. ADT LLC*, 74 F. Supp. 3d 1332, 1337–38 (E.D. Cal. 2015) (denying remand as "[n]o two cases are ever perfectly alike. The court must nonetheless do its best to estimate attorneys' fees, and in light of these cases, the court finds that defendant's fee estimation of 25 percent of recovery is a reasonable one. Even from plaintiff's lower calculation of statutory damages ($4,064,800), this equates to a fee of approximately $1,016,200. The total amount in controversy thus exceeds $5 million."). Thus here, the attorneys' fees at issue for a putative class action could exceed **$2,500,000** (25% of the aggregate amount in controversy calculated in Paragraph 27, *supra*).

30. Accordingly, when adding the potential statutory damages and future attorneys' fees for Plaintiff, the amount in controversy in this action exceeds the jurisdictional minimum of $75,000 for diversity jurisdiction. Similarly, the amount in controversy in this action exceeds the jurisdictional minimum of $5,000,000 for jurisdiction under CAFA.

## VENUE AND INTRADISTRICT ASSIGNMENT

31. Venue is proper (for purposes of removal) in the United States District Court for the Western District of Washington because this is the court for the district encompassing the place where this action is currently pending. *See* 28 U.S.C. § 1441(a).

NOTICE OF REMOVAL - 9

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

32. Assignment is proper to the Seattle Division (for purposes of removal) because the action is pending in King County. *See* Western District of Washington Local Civil Rule 3(e)(1).

## SUFFICIENT CONSENT

33. Defendant is not required to investigate the identity of the unnamed defendants nor to obtain their consent for removal. *See* 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). In any event, no Doe defendants have been served. Defendant is not required to obtain consent to remove from defendants who have not been served. *See Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984), *superseded by statute on other grounds*, *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988). Therefore, Defendant has sufficient consent to remove the State Court Action.

## NOTICE TO PLAINTIFF AND STATE COURT

34. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers were or will be served promptly on Plaintiff's counsel and filed with the Clerk of the King County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been or will be followed and satisfied.

## RESERVATION OF RIGHTS

35. In the event this Court should be inclined to remand this action, Defendant requests that the Court issue an order to show cause why the case should not be remanded, giving the parties an opportunity to present proper briefing and argument prior to any possible remand.

36. Nothing in this Notice of Removal is intended to waive any defense, nor does it waive any defense, including but not limited to defenses stated in Federal Rule of Civil Procedure 12(b), defenses to class certification, defenses on the merits, and defenses to claims for potential damages by Plaintiff or any other individual.

WHEREFORE, Defendant respectfully requests that this action now pending in the King County Superior Court, State of Washington, be removed to the United States District Court for the Western District of Washington at Seattle.

NOTICE OF REMOVAL - 10

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

Dated: August 28, 2024

*s/Breanne Martell*
Breanne Martell, WSBA #39632
bsmartell@littler.com

*s/Derek A. Bishop*
Derek A. Bishop, WSBA #39363
debishop@littler.com

*s/Madhura Panjini*
Madhura Panjini, WSBA #54370
mpanjini@littler.com

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
Telephone:   206.623.3300
Facsimile:   206.447.6965

Attorneys for Defendant

NOTICE OF REMOVAL - 11

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

CERTIFICATE OF SERVICE

I am a resident of the State of Washington. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One Union Square, 600 University Street, Suite 3200, Seattle, Washington 98101. I hereby certify that on August 28, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Attorneys for Plaintiff**

Timothy W. Emery, WSBA #34078
Patrick B. Reddy, WSBA #34092
Paul Cipriani, WSBA #59991
EMERY REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com

I certify under penalty of perjury under the laws of the United States and of the State of Washington that the foregoing is true and correct.

Executed on August 28, 2024, at Seattle, Washington.

/s/ Colette Pringle-Saunders
Colette Pringle-Saunders
Attorney Practice Coordinator
cpsaunders@littler.com

4893-1643-0554.2 / 067577-1059

NOTICE OF REMOVAL - 12

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300