1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHANNON SPENCER, individually and on behalf of all others similarly situated,

Plaintiff,

v.

TOTAL RENAL CARE, INC., a foreign profit corporation doing business as DAVITA; and DOES 1-20, as yet unknown Washington entities,

Defendant.

Case No. C24-1359RSM

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND

This matter comes before the Court on Plaintiff Shannon Spencer's Motion for Remand. Dkt. #11. The Court has determined that oral argument is unnecessary.

On July 26, 2024, Plaintiff filed this putative class action in King County Superior Court, alleging that Defendant violated the Washington Equal Pay and Opportunities Act ("EPOA"), Washington Revised Code § 49.58.110, by failing to disclose the wage scale and salary range in its job postings. Dkt. #1-2. Defendant removed on August 28, 2024. Dkt. #1.

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to the appropriate federal district court so long as that court would have had original jurisdiction over the action. *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003) ("The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND - 1

strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). "This rule of narrow construction both recognizes the limited jurisdiction of federal courts and 'protect[s] the jurisdiction of state courts.'" *Casola v. Dexcom, Inc.*, 98 F.4th 947, 954 (9th Cir. 2024). The presumption against removal places the burden on the defendant to establish that removal is proper. *Id*. "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

"Under Article III, the Federal Judiciary is vested with the 'Power' to resolve not questions and issues but 'Cases' or 'Controversies.'" *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 132 (2011). "To state a case or controversy under Article III, a plaintiff must establish standing." *Id*. at 133. Federal courts lack subject matter jurisdiction over a plaintiff that lacks standing. *Warth v. Seldin*, 422 U.S. 490, 498–499 (1975). The standing requirement remains a "threshold issue" in class action cases; "[i]f the individual plaintiff lacks standing, the court need never reach the class action issue." *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003). "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). The plaintiff bears the burden of establishing each element of the standing requirement; "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). The Supreme Court is clear that a plaintiff does not "automatically satisfy[y] the injury-in-fact requirement whenever a statute

grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). Thus, when an alleged injury is premised on the violation of a statutory right, the plaintiff must show that the harm incurred is concrete and particularized and not "a bare procedural violation." *Id*. This entails a showing of "physical, monetary, or cognizable intangible harm." *TransUnion* 594 U.S at 427. "[A]n intangible injury may be concrete if it presents a material risk of tangible harm or 'has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts,' like common law torts or certain constitutional violations." *Phillips v. United States Customs & Border Prot.*, 74 F.4th 986, 991 (9th Cir. 2023) (quoting *Spokeo*, 578 U.S. at 340–41).

Although "the omission of statutorily required information can constitute a distinct, concrete injury," not "every minor inaccuracy reported in violation of [a statute] will 'cause real harm or present any material risk of real harm.'" *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 679 (9th Cir. 2021) (quoting *Robins v. Spokeo, Inc.* ("*Spokeo II*"), 867 F.3d 1108, 1116 (9th Cir. 2017)). "A procedural violation of an informational entitlement does not by itself suffice to keep a claim in federal court." *Id*. at 679 (quoting *Brintley v. Aeroquip Credit Union*, 936 F.3d 489, 493 (6th Cir. 2019)). In cases such as this one, "[t]o determine whether the violation of a statute constitutes a concrete harm, we engage in a two-part inquiry." *Id*. "We first consider 'whether the statutory provisions at issue were established to protect . . . concrete interests (as opposed to purely procedural rights).'" *Id*. (quoting *Spokeo II*, 867 F.3d at 1113). "If so, we then assess 'whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests.'" *Id*. (quoting *Spokeo II*, 867 F.3d at 1113).

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND - 3

As Plaintiff points out, courts in this district have repeatedly found that litigants who alleged similarly thin statutory violations of the EPOA lacked Article III standing under the two-step *Magadia* inquiry.  *See* Dkt. #11 at 2 (citing cases).  The Court granted remand in each instance.

In those cases, a plaintiff sued under RCW 49.58.110 but did not plead that he or she was a "bona fide" applicant.  The Court determined, in the context of constitutional standing only, that a violation of the statutory provision at issue here—a job posting with no compensation information included—is a technical or procedural violation that by itself does not manifest concrete injury but requires a 'bona fide' applicant before there is a risk of harm.

Here, Defendant argues that although the Complaint "does not expressly state that Plaintiff was a 'good faith' applicant… his allegations support that he intended to gain employment because allegedly he was 'qualified to perform the position,' he expected to learn the rate of pay during his application process, and suffered specific harms when he did not." Dkt. #13 at 9.

After reviewing the Complaint, briefing, and the remainder of the record, the Court agrees with Plaintiff that remand is proper.  Defendant has failed to demonstrate that this Complaint includes allegations that Plaintiff was a bona fide applicant or that the conclusion in this case should be different than the many other cases cited by Plaintiff from this district. Defendant cites *Spencer v. Vera Whole Health, Inc.*, No. C24-337 MJP, 2024 WL 3276578, *3 (W.D. Wash. July 2, 2024) for the type of allegations that could survive a challenge to Article III standing.  Dkt. #13 at 13.  The Court notes that the plaintiff in that case is Plaintiff in this case.  The relevant portion states:

> …Spencer has failed to show how the lack of disclosure caused
> him an actual harm or material risk of harm consistent with the

1
2
3
4
5
6
7
8
9
10
11
12
13
14

EPOA. In full, Spencer alleges that as a result of the missing pay scale and wage range information, he "lost valuable time" and was unable to "evaluate the pay for the position, negotiate that pay, and compare that pay to other available positions in the marketplace[.]" (Compl. ¶¶ 18-19.) But these allegations fail to show any actual harm against which the EPOA intends to protect. Nowhere has Spencer alleged that he was offered an interview or that he engaged in any pay negotiations. All Spencer alleges is that he applied to job. And Spencer does not even allege he was qualified for the position. As a result, the only injury Spencer identifies is the time he "lost" in submitting the application. This is not an injury that the EPOA seeks to prevent or redress. The conclusion reached in a similar case pending this District applies here: "[a] job posting that does not contain compensation information is a technical violation, but it does not harm or create a material risk of harm to any individual's concrete interest" because "[a] nominal applicant with no interest in the position will neither receive a benefit from early pay disclosure nor be harmed by the lack thereof." *Floyd v. Insight Global, LLC*, C23-1680 BJR, 2024 U.S. Dist. LEXIS 75836, Order Granting Mot. to Dismiss at 14 (W.D. Wash. Apr. 25, 2024). As was the case in *Floyd*, Spencer has failed to identify a concrete and particularized injury sufficient to satisfy Article III standing.

15
16

*Spencer v. Vera Whole Health, Inc., supra.*  Defendant then argues:

17
18
19
20
21
22
23
24
25

Plaintiff's allegations here satisfy the guidance from this Court to demonstrate his Article III standing at the pleading stage. He has, in detail, pled that he was qualified and that he spent time and effort completing an application with the expectation that he would learn of the salary, but did not, and the alleged lack of disclosure has harmed him. In addition to alleging that he "lost valuable time applying for a position[,]" here—unlike the remanded cases—he also alleges that (1) he was "qualified to perform the position"; (2) he "expected . . . he would learn the rate of pay"; (3) he was "forc[ed] . . . to complete the entire application process without learning the rate of pay"; (4) the alleged lack of disclosure has "negatively impact[ed] Plaintiff's current and lifetime wages"; and (5) his ability to "negotiate pay remains adversely affected[.]" Compl. ¶¶ 26, 28–29, 32–34.

26

*Id*. at 14.

27
28

Defendant's point here is quite flimsy.  Plaintiff pleads he "lost valuable time," but this has already been identified by this Court as insufficient to establish Article III standing.

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND - 5

1
2
3
4
5
6
7
8

Defendant highlights how the instant Complaint is different than complaints in Plaintiff's prior cases, but none of the above differences indicate that Plaintiff was offered an interview, engaged in pay negotiations, or had a bona fide interest in the position. The only clear difference is the conclusory allegation that Plaintiff was qualified to perform the position. *Spencer v. Vera Whole Health, Inc.* does not stand for the proposition that this alone is sufficient. This does not strike the Court as demonstrating Article III standing on its own, given the boilerplate nature of the remainder of the pleading and the above law.

9
10
11
12

Plaintiff's Complaint fails to identify a concrete and particularized injury sufficient to give rise to Article III standing. Without standing, the Court lacks subject matter jurisdiction and remand is proper.

13
14

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

15
16

1. Plaintiff's Motion for Remand (Dkt. #11) is GRANTED.

17
18

2. This case is hereby REMANDED to the Superior Court of Washington State in and for the County of King.

19

3. This case is CLOSED.

20

DATED this 20th day of November, 2024.

21
22
23
24

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

25
26
27
28

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND - 6